UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANZ A. WAKEFIELD,<br><br>            Plaintiff,<br><br>   v.<br><br>NINTENDO OF AMERICA INC., and SANDY HATCHER,<br><br>            Defendants. | C10-1041Z<br><br>ORDER |

THIS MATTER comes before the Court on defendants' motion to dismiss, docket no. 10, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Having reviewed all papers filed in support of,[2] and in opposition to, the motion, the Court GRANTS defendants' motion and DISMISSES this case with prejudice.  In this action, plaintiff presents three claims,

---

[1] A complaint may be lacking for one of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In deciding a Rule 12(b)(6) motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the "non-conclusory 'factual content,' and reasonable inferences from that content" are "plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[2] Defendants have requested that the Court take judicial notice of:  (i) documents filed in various cases instituted by plaintiff against different entities in other jurisdictions, and (ii) media accounts concerning the release of the video game system known as the "Wii."  The Court has not considered the materials relating to plaintiff's prior litigation efforts, but does take judicial notice of the date on which the Wii was introduced into the United States market, namely November 19, 2006, as reflected in the articles and press release attached as Exhibits 21, 22, and 23 to the Declaration of Charles C. Sipos (docket no. 12).  *See* Fed. R. Evid. 201.

ORDER - 1

namely (i) misappropriation of trade secrets, (ii) fraudulent misrepresentation, and (iii) breach of contract, against defendants Nintendo of America Inc. ("Nintendo") and one of its employees, Sandy Hatcher. Defendants move to dismiss all three causes of action because they are time-barred.

Plaintiff Franz Wakefield alleges that he entered into an oral agreement with Nintendo concerning the development and marketing of its Wii™ products. Plaintiff claims that, using fraud and deceit, defendants obtained his trade secret information, but did not compensate him for it, and he now seeks both injunctive and monetary relief. Plaintiff filed his complaint on June 22, 2010. All three causes of action that plaintiff asserts have three-year limitation periods. *See* RCW 19.108.060 (misappropriation of trade secrets); RCW 4.16.080(4) (fraud); RCW 4.16.080(3) (oral contract). Nintendo launched the Wii™ system in November 2006, more than three years before plaintiff initiated this action. Plaintiff knew or reasonably should have known of his causes of action when the Wii™ products were introduced in November 2006, and all of plaintiff's claims are time-barred.

With respect to plaintiff's misappropriation of trade secrets and fraudulent misrepresentation claims, his argument that Nintendo's letter dated June 22, 2007, commenced the limitations period has no merit. A copy of the June 2007 letter is attached to plaintiff's complaint.[3] *See* docket no. 3-1 at 14. The letter states in relevant part:

> As we have previously informed you (both in our February 22 and May 17, 2007, correspondence), Nintendo respects the intellectual property rights of others. However, neither Nintendo, nor Messes. Hatcher and Oshazawa, entered into any "trade secret deal" with you regarding the development and marketing of the Wii game console and/or related concepts. Further, Nintendo has not now, nor ever, had any contractual or any other relationship with you or your company. Coupled with our review of your correspondence, as well as U.S. Patent No. 7,162,696, it is very clear that no licensing or partnership discussions are therefore necessary or appropriate.

---

[3] The Court may consider "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy" submitted to the Court. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

ORDER - 2

> We have clearly expressed our position to you on numerous occasions. This is therefore our final correspondence regarding this matter. We will not engage in any further communications.

Plaintiff does not allege that any of the statements in Nintendo's June 2007 letter were false or deceptive, and he points to no aspect of the correspondence that gave notice of any improper use by Nintendo of plaintiff's alleged trade secrets. Thus, plaintiff has not shown that Nintendo's June 2007 letter either gave rise to or enabled his discovery of his claims for misappropriation of trade secrets and fraudulent misrepresentation.

As to plaintiff's breach of contract claim, even if Nintendo's June 2007 letter, by explicitly denying the existence of any agreement with plaintiff, started the three-year clock for plaintiff to file such claim,[4] the claim is still statutorily barred. Under Washington law, an agreement, contract, or promise is void unless it is in writing and "signed by the party to be charged therewith" if the terms cannot be performed "in one year from the making thereof." RCW 19.36.010. In this case, plaintiff alleges that, in 2002, Nintendo entered into a "strategic alliance" with him by oral agreement. _See_ Complaint at ¶ 15 (docket no. 3). According to plaintiff, this agreement concerned Wii™ products anticipated to be released in 2006, after which he was to receive royalties. _Id._ at ¶ 18. In sum, plaintiff has alleged breach of an oral contract that could not be performed within one year of its making and that is, as a matter of law, void.

///

///

---

[4] The Court is not persuaded that June 2007 is the latest time at which plaintiff could have discovered his cause of action. The June 2007 letter refers to previous communications, occurring as early as February and May 2007. A copy of Nintendo's May 2007 letter is attached to plaintiff's complaint (docket no. 3-1 at 10). The May 2007 letter states that, "[w]hile Nintendo respects the intellectual property rights of others, based on [its] review of [plaintiff's] correspondence and U.S. Patent No. 7,162,696, [it] believe[s] no licensing or partnership discussions are necessary or appropriate." The May 2007 letter responded to plaintiff's assertions that Nintendo had telephonically agreed to pay him an "up-front" fee of $2,000,000 and royalties calculated as 20% of the gross revenues associated with Wii™ console and software sales. _See_ docket no. 3-1 at 2-4. Thus, plaintiff appears to have known by May 2007 at the latest that Nintendo believed it had not formed any contractual relationship with plaintiff.

ORDER - 3

Defendants' motion to dismiss, docket no. 10, is therefore GRANTED and plaintiff's complaint is DISMISSED with prejudice.  The Clerk is directed to enter judgment consistent with this Order and to send a copy of this Order to all counsel of record and to plaintiff pro se.

IT IS SO ORDERED.

DATED this 15th day of December, 2010

                           /s/ Thomas S. Zilly
                           Thomas S. Zilly
                           United States District Judge

ORDER - 4